IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) CIVIL NO. 13-00486 SOM-KSC ) ) ORDER GRANTING DEFENDANT |
| Plaintiff, | ) RONALD ZAUCHA'S MOTION TO ) SET ASIDE ENTRY OF |
| vs. | ) DEFAULT; FINDINGS AND ) RECOMMENDATION TO DENY |
| TROY LYNDON; RONALD ZAUCHA, | ) PLAINTIFF'S MOTION FOR ) ENTRY OF DEFAULT JUDGMENT |
| Defendants. | ) AGAINST RONALD ZAUCHA ) |

ORDER GRANTING DEFENDANT RONALD ZAUCHA'S
MOTION TO SET ASIDE ENTRY OF DEFAULT; FINDINGS
AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT AGAINST RONALD ZAUCHA

Before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendant Ronald Zaucha ("Default Judgment Motion"), filed December 13, 2013. On February 21, 2014, Defendant Ronald Zaucha ("Zaucha") filed an Opposition. Defendant Troy Lyndon ("Lyndon") filed a response on February 24, 2014.

Also before the Court is Zaucha's Motion to Set Aside Entry of Default ("Set Aside Motion"), filed March 10, 2014. Plaintiff filed an Opposition on March 19, 2014.

These matters came on for hearing on April 7, 2014.  Karen Matteson, Esq., appeared, and Amy Longo, Esq., and Lucee Kirka, Esq., appeared by phone on behalf of Plaintiff.  Lars Peterson, Esq., appeared, and Donny Brand, Esq., appeared by phone on behalf of Zaucha.  Lyndon appeared pro se.  After careful consideration of the briefing, the arguments of counsel, and the applicable law, the Court HEREBY GRANTS the Set Aside Motion and RECOMMENDS that the Default Judgment Motion be DENIED for the reasons set forth below.

## BACKGROUND

Plaintiff commenced this action on September 24, 2013.  On October 21, 2013, the Clerk entered default against Zaucha.  On November 1, 2013, Chief U.S. District Judge Susan Oki Mollway issued a Judgment of Permanent Injunction and Other Relief Against Lyndon.

The present Default Judgment Motion followed.  The initial hearing on the Motion was held on January

24, 2014. Zaucha appeared by phone and represented that he had retained mainland counsel. The Court consequently continued the hearing to March 3, 2014.

On February 7, 2014, the Court held a status conference regarding Zaucha's representation, at which Mr. Brand advised the Court that he reached an agreement with Mr. Peterson regarding concerning Zaucha's representation. The Court ordered Mr. Brand to submit a pro hac vice application by February 12, 2014. Mr. Brand timely submitted the application, which was granted on February 13, 2014.

On February 24, 2014, this Court directed Zaucha to file a proper motion by March 10, 2014, if he wished to set aside default. Zaucha timely filed the Set Aside Motion.

## DISCUSSION

I. <u>Set Aside Motion</u>

Zaucha requests that default be set aside because he was proceeding pro se and his failure to timely respond was in good faith; he has a meritorious defense - he was deceived and victimized by Lyndon and

3

Lyndon's attorney and as a result, Plaintiff may be unable to prove essential elements of its claims; and setting aside default will result in no prejudice to Plaintiff. Plaintiff counters that Zaucha's culpable conduct led to the entry of default; that he has not asserted a meritorious defense; and that he has not established lack of prejudice to Plaintiff.

Rule 55(c) of the Federal Rules of Civil Procedure ("FRCP") provides: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Courts generally disfavor defaults because the interests of justice are best served by obtaining a judgment on the merits whenever reasonably possible. Pena v. Seguros La Comerical, S.A., 770 F.2d 811, 814 (9th Cir. 1985). Therefore, Rule 55(c) motions are liberally construed in favor of the movant. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945-46 (9th Cir. 1986) ("Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the

motion to set aside the [default] so that cases may be decided on their merits.") (citation and internal quotation marks omitted) (alterations in original).

The court may set aside an entry of default for "good cause," Fed. R. Civ. P. 55(c), and has broad discretion in deciding whether setting aside is warranted. Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000). The discretion of the court is especially broad when a party seeks to set aside an entry of default as opposed to a default judgment. Mendoza, 783 F.2d at 945 (citation omitted).

The good cause standard for determining whether to set aside an entry of default is the same standard that governs vacating a default judgment under FRCP 60(b).[1] Franchise Holding II, LLC v. Huntington Rests. Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). There

---

[1] "[T]he standards for setting aside an entry of default under Rule 55(c) are less rigorous than those for setting aside a default." Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986). Thus, Defendant's use of "excusable neglect" is incorrect. "Excusable neglect" is required by FRCP 60(b), not FRCP 55(c).

5

are three factors that courts consider in determining whether good cause exists to set aside an entry of default: 1) whether the moving party engaged in culpable conduct that led to the default; 2) whether the moving party has a meritorious defense; or 3) whether setting aside the entry of default will prejudice the non-moving party. See id. at 925-26. Because these factors are disjunctive, a court may deny the motion if it finds against the defendant with respect to any of the three factors. Id. at 926.

In the present case, liberally construing the Set Aside Motion in Zaucha's favor, as it must, the Court finds that Zaucha has established good cause for setting aside default in this case.

A. Culpable conduct

A defendant's failure to answer is culpable "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001) (citations and quotation

marks omitted).  An intentional failure to answer is one that is willful, deliberate, or in bad faith.  See id.  Thus, "[n]eglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional'. . . and is therefore not necessarily . . . culpable or inexcusable."  Id. at 697-98.

Although Zaucha clearly knew about the pendency of the action, the Court cannot say that he engaged in culpable conduct that led to the default.  Consequently, while there are some questions about Zaucha's understanding of the state of litigation prior to the entry of default, the record before the Court does not support a finding that Zaucha willfully, deliberately, or in bad faith failed to answer.  Hart v. Parks, No. CV00-07428ABC(RNBX), 2001 WL 636444, at *4 (C.D. Cal. May 31, 2001) (although defense counsel's conduct "was sloppy in the extreme and nearly

incompetent, its acts do not rise to 'willful' misconduct"). Zaucha's pro se status does not excuse compliance with applicable rules and statutes, but it legitimizes the confusion he alleges led to the default and undermines any allegations of bad faith and/or willfulness.

B. Meritorious Defense

A "mere general denial without facts to support it" is not enough to justify vacating a default or default judgment. Franchise Holding, 375 F.3d at 926 (citation omitted). In order to justify an order setting aside a default, a defendant must "present the district court with specific facts that would constitute a defense." Id. (citing Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)). Although this burden cannot be met by offering conclusory statements or general denials without supporting facts, id., it is not an extraordinarily high burden. TCI, 244 F.3d at 700. Rather, the defendant need only allege sufficient facts or law to show that a legitimate defense exists.

Id. In this context, courts leave questions regarding the truth of any such factual allegations for a later stage in the litigation. Id. (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). Courts should "determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the results achieved by the default." Haw. Carpenters, 794 F.2d at 513.

Zaucha has alleged sufficient facts to show that a legitimate defense exists, and based on the record, there is "some possibility" that the outcome after trial would be different from the outcome upon default. Zaucha need not "prove" a meritorious defense at this point in the litigation. The Court leaves questions regarding the truth of factual allegations for a later stage in the litigation.

C. Prejudice

Prejudice exists if a party's ability to pursue its claims is hindered. See Falk, 739 F.2d at 463. However, to be prejudicial, the setting aside of a

judgment must result in greater harm than simply delaying resolution of the case. TCI, 244 F.3d at 701. Only if a delay results in "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunities for fraud or collusion" is the delay considered prejudicial. Id. (citation and quotation omitted). No prejudice exists simply because a party is compelled to litigate its claims on the merits. Id.

Plaintiff will not suffer prejudice if default is set aside, as it will not be hindered in its ability to pursue its claims. The case is in its infancy with respect to Zaucha and the delay in the filing of the Answer will not significantly affect the case. Plaintiff is not prejudiced simply because it will be compelled to litigate its claims on the merits. Plaintiff cites dissipation of assets as prejudicial, but even if this is true, Plaintiff would have to prevail against Zaucha before it could collect any money from him. The denial of the Set Aside Motion

would not automatically result in success on the Default Judgment Motion, particularly because Zaucha has appeared and is actively defending his interests. Indeed, even if default were not set aside, this Court could not reasonably recommend that default judgment enter. Powell v. DEF Express, Inc., 265 Fed. Appx. 672, 674 (9th Cir. 2008).

After applying the Franchise factors to the facts of this case, the Court concludes that default should be set aside.

II. Default Judgment Motion

In view of the granting of the Set Aside Motion, this Court recommends that Plaintiff's Motion for Default Judgment be DENIED as moot.

CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS Zaucha's Motion to Set Aside Entry of Default and FINDS AND RECOMMENDS that Plaintiff's Motion for Entry of Default Judgment Against Defendant Ronald Zaucha be

DENIED as moot.  Zaucha is ordered to file an Answer by April 15, 2014.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, April 8, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 13-00486 SOM-KSC; <u>SEC V. LYNDON, ET AL.</u>; ORDER GRANTING DEFENDANT RONALD ZAUCHA'S MOTION TO SET ASIDE ENTRY OF DEFAULT; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST RONALD ZAUCHA