IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL 13-00486 SOM-KSC |
|---|---|---|
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| TROY LYNDON and RONALD ZAUCHA, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING DEFENDANT'S EX PARTE REQUEST
FOR JUDGE MOLLWAY TO RECUSE HERSELF**

Before the Court is pro se Defendant Troy Lyndon's ("Lyndon") "Ex Parte Request for Judge Mollway to Recuse Herself" ("Motion"), filed on June 30, 2014. [Dkt. no. 131.] Plaintiff the Securities and Exchange Commission ("the SEC") filed its memorandum in opposition on July 14, 2014, and Lyndon filed his reply on July 21, 2014. [Dkt. nos. 139, 140.] Lyndon's Motion has been referred to this Court pursuant to 28 U.S.C. § 144 because the Motion appears to allege that Chief United States District Judge Susan Oki Mollway, the presiding judge in this case, has a personal bias or prejudice against Lyndon. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority,

Lyndon's Motion is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

On September 24, 2013, the SEC filed this action pursuant to the Securities Act of 1993 ("the Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1), and 77v(a), and the Securities Exchange Act of 1934 ("the Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(e), and 78aa(a). [Complaint at ¶ 1.] The crux of this action is set forth in the Complaint's Summary:

> This case involves a fraudulent scheme perpetrated by Troy Lyndon, the founder, chief executive officer and chief financial officer of Left Behind Games, Inc. ("LBG"), a manufacturer of religious themed video games, and by Ronald Zaucha, an LBG consultant and Lyndon's close friend. As part of this scheme, over 1.7 billion shares of LBG common stock were issued to Zaucha in unregistered transactions, and, through kick-backs of the proceeds from Zaucha's sale of this stock and sham purchases financed by the stock sale proceeds, LBG's financial results were rendered materially misstated and misleading. In orchestrating this scheme, Lyndon and Zaucha violated the antifraud, securities registration, and other provisions of the federal securities laws.

[Id. at ¶ 3.] The Complaint prays for, *inter alia*: an order for Lyndon and Zaucha "to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest[;]" and civil penalties under the Securities Act, 15 U.S.C. § 77t(d), and the Exchange Act, 15 U.S.C. § 78u(d)(3).

On October 30, 2013, the SEC filed an amended Consent of Defendant Troy Lyndon to Entry of Judgment of Permanent

Injunction and Other Relief ("Consent").[1] [Dkt. no. 20.] The Consent states:

> Defendant agrees that the Court shall order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant further agrees that the amounts of the disgorgement and civil penalty shall be determined by the Court upon motion of the Commission, and that prejudgment interest shall be calculated from August 4, 2011, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

[Consent at ¶ 3.] Chief Judge Mollway entered the Judgment of Permanent Injunction and Other Relief Against Defendant Troy R. Lyndon ("Injunction Judgment") on November 1, 2013. [Dkt. no. 22.] The Injunction Judgment includes language similar to that

---

[1] The original consent was filed on October 16, 2013. [Dkt. no. 6.]

of paragraph 3 of the Consent.  [Injunction Judgment at ¶ XI.]

On June 30, 2014, Chief Judge Mollway held a hearing on various motions, including, *inter alia*: the SEC's Motion for Summary Judgment Against Troy Lyndon for Disgorgement, Prejudgment Interest and a Civil Penalty ("Summary Judgment Motion"); Lyndon's Motion to Quash or Vacate Plaintiff SEC's Motion for Summary Judgment ("Motion to Quash"); and Lyndon's Conforming Motion for Permanent Stay of Consent and Judgment ("Motion to Stay").[2]  [Minutes, filed 6/30/14 (dkt. no. 129); Trans. of 6/30/14 Hrg., filed 7/11/14 (dkt. no. 138) ("6/30/14 Hrg. Trans.").]  In these motions, Lyndon challenges the validity of the Consent and the Injunction Judgment because he claims that he did not sign the Consent with full knowledge of its contents and effect.  Chief Judge Mollway stated that she was inclined to grant the SEC's Motion for Summary Judgment, with an adjustment to the amount sought, and to deny Lyndon's motions and his other matters.  [6/30/14 Hrg. Trans. at 2, 6.]

Lyndon filed the instant Motion after the hearing. Chief Judge Mollway has not yet ruled on the matters before her, pending this Court's ruling on the instant Motion.

## **STANDARD**

Lyndon does not specify the legal basis for his request

---

[2] The SEC filed the Motion for Summary Judgment on March 13, 2014, Lyndon filed the Motion to Quash on April 14, 2014, and Lyndon filed the Motion to Stay on April 23, 2014.  [Dkt. nos. 68, 90, 101.]

that Chief Judge Mollway either recuse herself or be disqualified from the case. This Court therefore reviews Lyndon's Motion under both 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides, in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 455 states, in pertinent part:

(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]

"Under both recusal statutes, the substantive standard is [W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (alteration in Pesnell) (citations and quotation marks omitted). The alleged bias, however, "must usually stem from an extrajudicial source." Id. at 1043-44 (citing Liteky v. United States, 510 U.S. 540, 554-56, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). The United States Supreme Court has explained:

>First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They **may** do so if they reveal an opinion that derives from an extrajudicial source; and they **will** do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . .

Liteky, 510 U.S. at 555 (emphases in Liteky) (citation omitted). Further, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555–56, 114 S. Ct. 1147).

### **DISCUSSION**

In the instant Motion, Lyndon "request[s] that Judge Mollway recuse herself from this case on the basis of religious discrimination." [Motion at 3-4.] He contends that he witnessed "'religious discrimination' first-hand, in-person, from Judge

Mollway" and that "nothing could have prepared [him] for [Judge] Mollway's reaction to [his] comments that [he is] a 'conservative' Christian."  [Id. at 3.]  Lyndon argues that, at the June 30, 2014 hearing, Chief Judge Mollway did not allow him to conclude his arguments and "abruptly called the session to a close."  [Id. at 2.]  According to Lyndon, "the more [he] argued facts, the more she had no interest in hearing" what he had to say.  [Id. at 3.]  Lyndon also claims that Chief Judge Mollway erred in stating that, by signing the Consent, he agreed to pay the SEC for any gains, as opposed to only "ill-gotten gains."  [Id. at 2.]  He further argues that, even though the SEC caused him to go bankrupt and the SEC's attorneys lied "directly to Federal Judges without regard for any consequence," Chief Judge Mollway did nothing.  [Id. at 3.]

In addition, Lyndon argues in his Reply that Chief Judge Mollway has demonstrated a history of unfair prejudice against him.  [Reply at 1.]  He states that Chief Judge Mollway: "empowered the SEC to destroy [him] financially during this case[;]" "sought to misrepresent [his] pleadings in Court[;]" and "refuse[d] to question the SEC with regard to the most important issue of their case - the issue of 'related parties.'"  [Id. at 1-4.]  According to Lyndon, Chief Judge Mollway also: intentionally ignored evidence that Lyndon presented; refused to require the SEC to respond to his evidence; refused to answer Lyndon's request for her to recuse herself; denied Lyndon's

request for a jury trial without explanation; "failed to use [his] statements as proper authority[;]" prevented him from revealing the SEC's fraud by failing to hold a hearing on his motion for sanctions against the SEC; and failed to recognize "obvious" problems with the Consent, which United States Magistrate Judge Kevin S. Chang recognized when he scheduled a trial date in this case. [Id. at 5-6.]

At the outset, this Court notes that Local Rule 7.4 states: "A reply must respond only to arguments raised in the opposition. Any argument raised for the first time in the reply shall be disregarded." Because Lyndon's arguments raised for the first time in his Reply did not respond to the arguments in the SEC's Memorandum in Opposition, and because Lyndon could have raised them in the Motion, this Court is not required to consider the new arguments in Lyndon's Reply.

For the sake of completeness, however, this Court will consider the Reply's new arguments together with the arguments in the Motion. In his Reply, Lyndon states that his request for Chief Judge Mollway's recusal "should be viewed as an extension of his arguments in Court, and not as any kind of appeal." [Reply at 7.] It is apparent from this statement, and from Lyndon's arguments as a whole, that the Motion is essentially an attempt to challenge Chief Judge Mollway's prior rulings and the inclinations that she expressed during the June 30, 2014 hearing. As noted above, a judge should disqualify herself pursuant to

§ 455(a) "in any proceeding in which [her] impartiality might reasonably be questioned," or pursuant to § 455(b)(1) and § 144 whenever she "has a personal bias or prejudice concerning a party." Beverly Hills Bancorp v. Hine, 752 F.2d 1334, 1341 (9th Cir. 1984) (internal quotation marks omitted). However, "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis." Id. (citations omitted); see also Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[The plaintiff-appellant's] allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal." (citations omitted)). Chief Judge Mollway's prior rulings against Lyndon and her inclinations given during the June 30, 2014 hearing cannot be the basis of her recusal under either § 144 or § 455 because they do not reveal a bias or prejudice that derives from an extrajudicial source, nor do they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. See Liteky, 510 U.S. at 555. Lyndon must raise his challenges to Chief Judge Mollway's rulings in a proper appeal, not in a recusal/disqualification request.

The only bias or prejudice alleged in the Motion that is not an attempt to challenge Chief Judge Mollway's rulings and inclinations is Lyndon's claim that she discriminated against him on the basis of his religion during the June 30, 2014 hearing.

The Motion claims that Chief Judge Mollway reacted negatively to Lyndon's statement that he is a conservative Christian. [Motion at 3.] Twice during the hearing, Lyndon mentioned his Christian beliefs and the fact that his company makes Christian video games. [6/30/14 Hrg. Trans. at 11-12, 37.] This Court has reviewed the transcript of the hearing, and finds that Chief Judge Mollway did not make any negative comments about Lyndon's religious beliefs. Further, this Court finds that there is no evidence in the hearing transcript, or in the record as a whole, which might reasonably call Chief Judge Mollway's impartiality into question. Indeed, the transcript demonstrates that Lyndon was permitted to speak at length, without criticism or interruption, about himself and his business experiences, and to present his arguments in this case. This Court concludes that Lyndon has failed to establish that Chief Judge Mollway's actions and statements were the result of prejudice or bias stemming from an extrajudicial source. Thus, there is no basis under either § 144 or § 455 which would require Chief Judge Mollway's recusal or disqualification.

## CONCLUSION

On the basis of the foregoing, Lyndon's "Ex Parte Request for Judge Mollway to Recuse Herself," filed June 30, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 31, 2014.



      /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**SECURITIES AND EXCHANGE COMMISSION VS. TROY LYNDON, ET AL; CIVIL 13-00486 LEK; ORDER DENYING DEFENDANT'S EX PARTE REQUEST FOR JUDGE MOLLWAY TO RECUSE HERSELF**