IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL NO. 13-00486 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER OF AUGUST 11, 2014 |
| vs. | ) ) | |
| TROY LYNDON, et al., | ) ) | |
| Defendants. | ) ) ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION
OF ORDER OF AUGUST 11, 2014**

**I.      INTRODUCTION.**

On August 11, 2014, the court ordered Defendant Troy Lyndon to pay disgorgement of $3,251,169, prejudgment interest of $289,897.18, and a civil penalty of $150,000. Lyndon seeks reconsideration of that order. Because he fails to demonstrate any reason that the court should reconsider that order, the motion is denied.

**II.     FACTUAL BACKGROUND.**

On October 30, 2013, a Consent of Defendant Troy Lyndon to Entry of Judgment of Permanent Injunction and Other Relief in favor of Plaintiff Securities and Exchange Commission ("SEC") was filed. See ECF No. 20. On November 1, 2013, the court entered its Judgment, permanently enjoining Lyndon from certain activities and stating other relief against Lyndon. See ECF No. 22.

The Consent included Lyndon's agreement to having this court "order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange At, 15 U.S.C. § 77u(d)(3)." Id. Lyndon agreed that these amounts would be determined based on a motion by the SEC, that prejudgment interest would run from August 4, 2011, and that, with respect to any such motion, Lyndon was 1) precluded from arguing that he had not violated the federal securities laws that were the subject of the Complaint in this matter; 2) agreeing not to challenge the validity of the Consent or the Judgment thereon; and 3) for purposes of the motion, agreeing that the allegations of the Complaint were true.

On August 11, 2014, the court calculated the amounts owed by Lyndon as $3,251,169 in disgorgement, prejudgment interest of $289,897.18, and a civil penalty of $150,000.

On August 12, 2014, Lyndon filed what he called a "Request of the Court to Provide Clarification" of the order of August 11, 2014. See ECF No. 144. The court deems this request to be a motion for reconsideration of that order. In the reconsideration motion, Lyndon questions this court's integrity, complaining that, for purposes of the SEC's motion seeking disgorgement, prejudgment interest, and a civil penalty, the court had deemed the factual allegations in the Complaint to be

true. Lyndon asks the court to reconsider the order, arguing that the court should have ignored the agreed-upon facts and should have instead examined evidence he says supports his innocence.

**III.     RECONSIDERATION STANDARD.**

Lyndon's motion does not specifically describe what rule it is brought under. As it appears to seek reconsideration of the court's order of August 11, 2004, the court reads the motion as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. That rule permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are committed to the discretion of the trial court. See Barber v. Haw., 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

**IV. ANALYSIS.**

Lyndon shows no reason for this court to reconsider its order of August 11, 2014. Lyndon agreed in the Consent that the facts alleged in the Complaint would be deemed true for purposes of the underlying motion and that he would not argue that he had not violated federal securities laws. Lyndon therefore agreed that he, along with co-Defendant Ronald Zaucha, committed securities fraud, causing people to purchase approximately 1.7 billion shares of Left Behind stock for over $4.6 million. Lyndon agreed that approximately $3.3 million was "kicked back" to his company by Zaucha and that Lyndon treated Left Behind funds as his own. Lyndon was unsuccessful in arguing that the court should not enforce the terms of the Consent.

Lyndon now questions why the court did not give credence to facts he says demonstrate that he did not violate federal securities laws or facts that undermine the amounts awarded. But these arguments run counter to his agreed-upon facts for purposes of the underlying motion. For example, Lyndon questions how he could have profited from the millions of dollars

4

in "kick backs" when his tax returns demonstrate very little cash flow. But Lyndon's reporting of little income on his tax returns does not mean that he did not commit the millions of dollars of securities fraud that he agreed he committed. This court need not seek any explanation as to the disparity, given Lyndon's agreement that he committed the fraud.

Lyndon's claims that he is not "related" to Zaucha, that he did not have the requisite scienter, that he relied on an attorney's advice, that the court should examine other evidence, and that he did not receive about $3.3 million in "kick backs" suffer from the same fate and do not justify reconsideration. Lyndon agreed that, for purposes of the underlying motion, he and Zaucha together committed the securities fraud alleged in the Complaint.

Similarly, even if the parties in another case were allowed to present evidence as to amounts of disgorgement, prejudgment interest, and civil penalties, that does not mean that it is appropriate for Lyndon to also present such evidence. There is no suggestion that the other case Lyndon relies on involved the defendant's agreement that the allegations in the complaint would be deemed true.

Lyndon complains that the court stated, "Although Lyndon argues that only an attorney could interpret the Consent, he does not say that the SEC denied him the opportunity to

consult with an attorney before executing the Consent.  At most he says he could not afford to pay an attorney.  He does not attribute his financial straits to the SEC."  Lyndon says that he does indeed attribute his financial straits to the SEC.  Any such attribution is grounded in the proposition that the SEC's investigation was a wrongful interference with his business.  That proposition cannot be squared with Lyndon's agreement not to deny that he violated securities laws.  Moreover, even if the court withdrew the sentence on attribution, reconsideration would not thereby be warranted.

Lyndon posits that the court's order involved intentional mistakes, designed to teach him a lesson.  The court had no such design.  The court held Lyndon to his agreement not to deny that he engaged in securities fraud.  Holding a person to what he agreed to is in no way equivalent to being biased against him.  The court understands that Lyndon feels frustrated, but he fails to show that his court should reconsider the order of August 11, 2014.  His motion for reconsideration of that order is denied.

**IV.     CONCLUSION.**

The court denies the motion for reconsideration without a hearing pursuant to Local Rule 7.2(d).

6

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 20, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Securities and Exchange Commission v. Lyndon, et al., Civ. No. 13-00486 SOM/KSC; ORDER DENYING MOTION FOR RECONSIDERATION OF ORDER OF AUGUST 11, 2014

7