IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | CIVIL NO. 13-00486 SOM-KSC |
| Plaintiff, | ) ) ) | ORDER DECLINING TO INDICATE A WILLINGNESS TO ENTERTAIN TROY LYNDON'S MOTION FOR RELIEF |
| vs. | ) ) | FROM FINAL JUDGMENT BASED ON NEW EVIDENCE |
| TROY LYNDON, et al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DECLINING TO INDICATE A WILLINGNESS
TO ENTERTAIN TROY LYNDON'S MOTION FOR RELIEF
FROM FINAL JUDGMENT BASED ON NEW EVIDENCE**

**I.      INTRODUCTION.**

This is a case involving securities fraud. On October 30, 2013, Defendant Troy Lyndon consented to the entry of a permanent injunction and an award of other relief against him. Judgement was entered. On August 11, 2014, the court, pursuant to the terms of the Consent, entered a second judgment that provided for disgorgement of $3,251,169, prejudgment interest of $289,897.18, and a civil penalty of $150,000. Lyndon has appealed from that second judgment.

On December 10, 2014, the Ninth Circuit Court of Appeals construed a "Rule 60(b)(2) motion to introduce new evidence, stay and vacate judgment" as a "motion for limited remand" in which Lyndon was asking this court to indicate its

willingness to entertain his proposed Rule 60 motion. See ECF No. 187-1. The court declines to indicate that it has such a willingness.

## II.     FACTUAL BACKGROUND.

On October 30, 2013, a Consent of Defendant Troy Lyndon to Entry of Judgment of Permanent Injunction and Other Relief in favor of Plaintiff Securities and Exchange Commission ("SEC") was filed. See ECF No. 20. On November 1, 2013, the court entered its Judgment, permanently enjoining Lyndon from certain activities and stating other relief against Lyndon. See ECF No. 22. Lyndon did not appeal from that Judgment, which was certified as final under Rule 54(b) of the Federal Rules of Civil Procedure.

The Consent included Lyndon's agreement to having this court "order disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange At, 15 U.S.C. § 77u(d)(3)." Id. Lyndon agreed that these amounts would be determined based on a motion by the SEC, that prejudgment interest would run from August 4, 2011, and that, with respect to any such motion, Lyndon was 1) precluded from arguing that he had not violated the federal securities laws that were the subject of the Complaint in this matter; 2) agreeing not to challenge the validity of the Consent or the

2

Judgment thereon; and 3) for purposes of the motion, agreeing that the allegations of the Complaint were true.

On August 11, 2014, the court calculated the amounts owed by Lyndon as $3,251,169 in disgorgement, prejudgment interest of $289,897.18, and a civil penalty of $150,000. See ECF No. 143. On August 21, 2014, the court entered a second Judgment, which set forth those amounts as owed by Lyndon to the SEC. See ECF No. 148.

On September 10, 2014, Lyndon appealed from that second Judgment. See ECF No. 152.

On December 10, 2014, the Ninth Circuit Court of Appeals construed a "Rule 60(b)(2) motion" by Lyndon as a "motion for limited remand" in which Lyndon asked this court to indicate whether it was willing to entertain the proposed Rule 60 motion. See ECF No. 187-1.

**III.    ANALYSIS.**

Lyndon seeks relief based on what he claims is newly discovered evidence. Although only the second Judgment is the subject of the pending appeal, Lyndon appears to be seeking relief from both the first and second Judgments. The first Judgment was entered on November 1, 2013, and no appeal was ever taken from that judgment. The court is not willing to say that it will entertain Lyndon's request for relief, as Lyndon fails to

demonstrate how any of his so-called "newly discovered evidence" justifies relief.

Lyndon says that he presented the court with the evidence underlying his Rule 60(b)(2) motion in ECF No. 174, filed after he took the pending appeal. See ECF No. 187-2, PageID # 2532. None of the material in that document justifies a grant of relief from either the first or the second Judgment in this case.

As noted in the court's order of August 11, 2014, "The Complaint alleges that Lyndon was a signatory on all Left Behind bank accounts and that he "treated corporate accounts as his own, withdrawing funds for his personal use." Id. ¶ 36, PageID # 9. Under the terms of the Consent, this factual assertion was deemed to be true. See ECF No. 20, PageID # 91-92. Lyndon now claims that Exhibit BA, filed as ECF No. 174-1, is "the company's QuickBooks Enterprise File - complete with audit trail," and demonstrates that he had no "ill-gotten" gains and that 100% of the money spent was for company expenses and not for his personal expenses. Not only does Lyndon's stipulation in the Consent contradict this assertion, Lyndon also fails to provide the court with a print out of the evidence at issue. The court does not even have an electronic copy of these files. It appears that, while these electronic files were given to the SEC, they were never submitted to the court such that they became part of the

4

court's files.  In any event, other than his bald statement about what the files show, Lyndon points to nothing supporting his claim.  This court cannot be expected to obtain evidence for a party.

Nor is it clear that the alleged data is new evidence previously unavailable to Lyndon.  According to the factual allegations deemed true by the Consent, Lyndon owned and operated Left Behind as his own company.  Lyndon would have therefore known if various expenses were properly the company's or whether he had used company funds for his personal expenses.  Although Lyndon says that he did not have the audit files in his possession earlier in this case, <u>see</u> ECF No. 195, he does not explain why he did not know the information revealed by those files.

Even if Lyndon was inexplicably unaware of the information, nothing before the court suggests that he even sought to obtain the information before entering into the Consent.  Lyndon signed the Consent shortly after this action was filed by the SEC.  With two judgments against him, an appeal pending, and no coherent explanation, he seeks to unwind everything that has occurred in this case.

Lyndon also argues that a Transfer Equity Agent report and various e-mails, Exhibits BB and BC, ECF No. 174-2 and 174-3, respectively, demonstrate that the SEC omitted financial data in

5

seeking summary judgment.  This is a conclusion, unaccompanied by any discussion as to how any of the evidence referred to is relevant.  Exhibit BB appears to be a list of all of the shares issued by the company at issue.  Without more, that list raises no issue entitling Lyndon to relief.  Moreover, Lyndon does not demonstrate that the e-mails submitted as Exhibit BC are new evidence not previously available to him.  The e-mails appear to have been addressed to him or sent by him, so at the very least their content was known to him.  Lyndon does not even attempt to discuss what the e-mails allegedly demonstrate.

**IV.    CONCLUSION.**

The court declines to express a willingness to entertain Lyndon's Rule 60(b)(2) motion based on "newly discovered evidence."  The record does not suggest that such a motion would do anything other than cause delay.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, January 13, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Securities and Exchange Commission v. Lyndon, et al., Civ. No. 13-00486 SOM/KSC; ORDER DECLINING TO INDICATE A WILLINGNESS TO ENTERTAIN TROY LYNDON'S MOTION FOR RELIEF FROM FINAL JUDGMENT BASED ON NEW EVIDENCE